**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**Tureygua Inaru,**
*Plaintiff, Pro Se,*

**CASE NO:**

6:26-CV-1681-PGB-LHP

v.

**OSCEOLA MENTAL HEALTH, INC. d/b/a PARK PLACE BEHAVIORAL HEALTH CARE,**
*Defendant.*

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
*(Pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964)*

Plaintiff, **Tureygua Inaru**, appearing pro se, respectfully files this Complaint against Defendant, Osceola Mental Health, Inc. d/b/a Park Place Behavioral Health Care, and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction under **28 U.S.C. § 1331**, as this action arises under the Constitution and laws of the United States, specifically **42 U.S.C. § 1983** and **Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d)**.

2. Venue is proper in the Middle District of Florida, Orlando Division, pursuant to **28 U.S.C. § 1391(b)**, because the unlawful acts, physical and sexual assault, and civil rights violations occurred at a facility located within this judicial district in Kissimmee, Florida.

**II. PARTIES**

3. Plaintiff, **Tureygua Inaru**, is an individual residing at 10717 High Crest Court, Howey in the Hills, FL 34737. At all times relevant to this complaint, Plaintiff was a civilly admitted patient under state custody/care at Defendant's facility.

4. Defendant, **Osceola Mental Health, Inc. d/b/a Park Place Behavioral Health Care**, is a domestic non-profit corporation operating a behavioral health facility at 206 Park Place Blvd, Kissimmee, FL 34741. Defendant receives federal financial assistance, including Medicaid funding and federal grants, and acts under color of state law as an extension of state mental health services.

**III. STATEMENT OF FACTS**

5. Sometime between **November 30, 2019, and December 5, 2019**, Plaintiff was kneeling at the foot of the bed inside Plaintiff's assigned room at Defendant's facility, engaged in silent, peaceful prayer.

6. A male employee of Defendant observed Plaintiff praying. Driven by overt religious animus and hostility toward Plaintiff's religious practice, the employee targeted Plaintiff, grew visibly hostile, and called for emergency staff backup.

7. A swarm of multiple facility staff members aggressively rushed into Plaintiff's room while Plaintiff was still kneeling in prayer.

8. The swarming staff members violently ripped Plaintiff's clothing off, physically subdued Plaintiff, pinned Plaintiff down, and subjected Plaintiff to non-consensual, offensive, and unlawful touching of Plaintiff's private areas.

9. While physically pinned down and violated, the staff members forcibly injected Plaintiff with an unknown chemical restraint against Plaintiff's will.

10. A male patient nearby witnessed the unprovoked, targeted assault and staff misconduct. Recognizing the severity of the abuse, this male patient actively attempted to intervene to protect and defend Plaintiff from the swarming staff members before being physically separated by personnel.

11. The forced injection of the unknown chemical restraint directly induced an acute seizure and caused immediate cardiac distress/heart damage, resulting in permanent neurological and cardiovascular complications.

12. Immediately following the assault, Plaintiff made timely demands for medical records and incident reports, which Defendant actively refused and withheld.

13. In 2020, Plaintiff retained counsel Matthew S. Boomershine of Bogin, Munns & Munns, P.A., and subsequently counsel J. Mark Jackson, who successfully procured the relevant medical files but actively concealed files and financial records from Plaintiff, breached their fiduciary duties, and lied to Plaintiff.

14. Plaintiff was forced to report prior counsel to a presiding judge to force a withdrawal. Plaintiff is currently actively suing prior counsel in Polk County, Florida.

15. Because Defendant and prior counsel actively concealed and blocked Plaintiff's access to the necessary medical data and case files, the operational discovery period was completely suppressed by external forces, qualifying this action for **Equitable Tolling** under federal law.

## IV. CAUSES OF ACTION
## COUNT I: RELIGIOUS DISCRIMINATION & HARASSMENT (Title VI, 42 U.S.C. § 2000d)

16. Plaintiff realleges paragraphs 1 through 15.

17. Defendant receives federal financial assistance and is legally barred from discriminating against or harassing patients based on religion.

18. Defendant's staff intentionally targeted, swarmed, stripped, and physically assaulted Plaintiff solely because Plaintiff was engaged in religious prayer. This severe and pervasive abuse directly created a hostile, discriminatory environment, violating Title VI.

## COUNT II: DEPRIVATION OF CONSTITUTIONAL RIGHTS—FREE EXERCISE (42 U.S.C. § 1983)

19. Plaintiff realleges paragraphs 1 through 15.

20. Defendant, acting under color of state law, violated Plaintiff's **First Amendment** right to the free exercise of religion by physically punishing, swarming, and assaulting Plaintiff for engaging in prayer.

## COUNT III: DEPRIVATION OF RIGHT TO BODILY INTEGRITY & EXCESSIVE FORCE (42 U.S.C. § 1983)

21. Plaintiff realleges paragraphs 1 through 15.

22. Defendant, acting under color of state law, violated Plaintiff's **Fourteenth Amendment** right to substantive due process and bodily integrity.

23. The actions of Defendant's staff—specifically stripping Plaintiff of clothing, engaging in non-consensual touching of private areas, using overwhelming physical force, and injecting an intrusive chemical restraint without a valid, sudden medical emergency—constitute shocks to the conscience and an egregious violation of bodily integrity.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, awarding the following relief:

- Full compensatory damages for physical pain, permanent heart damage, neurological seizure trauma, sexual degradation, and ongoing medical costs;

- Punitive damages for the malicious, reckless, and discriminatory conduct of Defendant's staff;

- Any alternative relief this Court deems just and proper.

Respectfully submitted,
Dated: July 24, 2026

**Tureygua Inaru**, *Plaintiff Pro Se*